IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NELSON ENRIQUE CASTILLO POLO,<br><br>Petitioner,<br>v.<br><br>Warden, Midwest Regional Reception Center;<br>Field Office Director, ICE ERO Kansas City;<br>Secretary, DHS; and<br>Attorney General,<br><br>Respondents. | ) | Case No. 26-3370-JWL |

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges the adequacy of his bond hearing in immigration court. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Colombia, entered the United States in 2019, although he did not depart when the authorization for his admission expired later that year. Petitioner was detained by immigration officials on August 18, 2026. Petitioner requested a bond hearing in immigration court, and after a hearing on September 23, 2026, an immigration judge (IJ) denied release on bond, finding that petitioner posed a flight risk. Petitioner remains in custody in this judicial district pending removal proceedings. Petitioner filed the instant action on September 30, 2026; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

By this petition, petitioner claims that his bond hearing was not constitutionally adequate (1) because the IJ did not issue a written opinion containing the reasons for the denial of bond, and (2) because the IJ's decision was arbitrary and unsupported and did not address relevant factors, in light of the facts supporting petitioner's bond request. The Court concludes, however, that petitioner is not entitled to relief.

As petitioner concedes, this Court lacks jurisdiction to consider a challenge to an immigration judge's bond determination. *See Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)). Petitioner insists that he does not challenge the immigration judge's discretionary decision regarding bond, but instead challenges the manner in which the hearing was conducted. The Court therefore assumes that it has jurisdiction to address that narrow claim as presented by petitioner.

The Court first concludes that petitioner has not properly exhausted his administrative remedies because he did not pursue an appeal of the bond denial to the Board of Immigration Appeals (BIA). As a general rule, "exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," although a narrow exception may apply if the petitioner demonstrates that exhaustion is futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). The Court agrees with respondents that requiring petitioner to have completed an appeal to the BIA is appropriate here, as the BIA could have addressed petitioner's complaints and could have reversed the immigration judge's denial of bond. Petitioner states in his traverse that his counsel failed to file an appeal to the BIA as instructed; but he concedes that he has not attempted to file such an appeal out of time based on that failure.

The Court also denies petitioner's claim on the merits, as petitioner has not shown that his bond hearing violated due process.[1] At the hearing, petitioner was represented by counsel; and his counsel argued the merits of the bond request concerning whether petitioner posed a risk of flight, specifically addressing petitioner's authorized entry into the United States, his lack of criminal history, his payment of taxes, and his ties to the community (including his children). Petitioner also was permitted to and did submit exhibits for the IJ's review. Petitioner's counsel specifically addressed the fact that petitioner had not sought relief from removal in immigration court, indicating that petitioner may yet seek cancellation of removal. In response, Government counsel argued that petitioner posed a flight risk because he had not sought relief from removal; he had not attempted to obtain legal residence in the United States; he did not qualify for cancellation of removal; and he had not expressed any fear about removal to his home country. The IJ, in denying on the record the bond request on the basis of a risk of flight, specifically relied on the lack of any request for relief from removal, while noting that if petitioner did seek such relief in the future, he could seek a new bond hearing based on changed circumstances. In light of these facts, petitioner has not shown that he was denied the opportunity at the bond hearing to be heard in a meaningful way concerning the merits of his request for release on bond.[2]

---

[1] Petitioner has not disputed respondents' account of what occurred at the bond hearing.

[2] In his traverse, petitioner questions whether his use of a false social security number while paying taxes provided a basis for the IJ's decision and whether he had a sufficient opportunity to address that issue at the hearing. There is no evidence or Continued…

In the petition, petitioner specifically challenges the absence of a full written decision. As respondents note and as petitioner concedes in his traverse, however, the applicable regulations permit an oral statement of the reasons for the decision. *See* 8 C.F.R. § 1003.19(f). Petitioner also complains that the IJ did not address all of the possibly relevant factors in announcing his decision, but he has failed to show that the IJ was required to do so. *See In re Guerra*, 24 I. & N. Dec. 37, 39-40 (BIA Sept. 28, 2006) (in giving a nonexclusive list of possible factors for consideration, noting that the IJ may give greater weight to any one factor). Nor is there any basis to conclude that the IJ failed to consider petitioner's presentation at the hearing. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (joining other circuits in recognizing a presumption that immigration courts review evidence submitted) (citing cases). The IJ's decision was supported by a valid reason, stated on the record, and thus that decision was not arbitrary; and this Court may not re-weigh the factors that may have been relevant to petitioner's bond request. Petitioner has not shown that his hearing conducted in compliance with the relevant statutes and regulations violated due process. *See Colmenares Silva v. Blanche*, 2026 WL 3118281, at *2 (D. Kan. Oct. 19, 2026) (Lungstrum, J.) (bond procedures under 8 U.S.C. § 1226(a) comport with due process). The Court therefore denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

suggestion, however, that such conduct was raised at the hearing or relied upon by the IJ, who cited a different basis for the denial.

IT IS SO ORDERED.

Dated this 5th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge